UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00325-RSE

**KYRSTIN NICOLE TODD CONLEY**                                    **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*[1]                       **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

The Commissioner of Social Security denied Kyrstin Conley's ("Plaintiff's") application for disability insurance and supplemental security income benefits. Plaintiff seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 21) and the Commissioner (DN 27) have filed a Fact and Law Summary. The parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 17).

I. Background

Kyrstin Conley is 36 years old, lives with her husband and two nephews, and has a high school education. (Tr. 33–35; 283). Plaintiff is presently unemployed but has past relevant work experience as a night auditor/desk clerk from March 2009 to April 2012 and stocker/cashier from

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

April 2012 to June 2012. (Tr. 20; 45; 283). Plaintiff protectively filed applications on April 4, 2014 (Tr. 255) and December 4, 2015 (Tr. 259) for disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3)("Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act, alleging disability beginning on April 1, 2014. (Tr. 261–65). Plaintiff claims she could not perform work at substantial gainful levels due to depression, anxiety, and back problems beginning in 2016. (Tr. 35–36). Plaintiff's applications were denied initially (Tr. 168) and upon reconsideration (Tr. 179). Upon Plaintiff's request, a hearing was conducted in Nashville, Tennessee before Administrative Law Judge Jennifer Thomas ("ALJ Thomas") on November 16, 2018. (Tr. 28–49). ALJ Thomas issued an unfavorable decision on March 5, 2019. (Tr. 9–27).

ALJ Thomas applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Plaintiff has not engaged in substantial gainful activity since April 1, 2014. (Tr. 14). Second, Plaintiff has the severe impairments of post-traumatic stress disorder, spine disorder, obesity, depressive disorder, and bipolar disorder. (Tr. 15). Third, none of Plaintiff's impairments or combination of impairments meets or medically equals the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (*Id.*). ALJ Thomas then determined Plaintiff has the residual functional capacity to perform "light work" with the following limitations:

> She can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds; she can have occasional exposure to vibration and hazards, such as moving mechanical parts and unprotected heights; she can understand, remember, and carry out simple routine tasks and can sustain concentration for the completion of those tasks in two hour segments of time in an eight hour workday; she can have occasional interaction with co-workers, supervisors, and the public; she could not work in a production-based job and any changes in a routine work setting should be rare or gradually

introduced.

(Tr. 16). Fourth, ALJ Thomas found Plaintiff unable to perform her past relevant work considering her residual functional capacity ("RFC"). (Tr. 20). Fifth and finally, considering Plaintiff's age, education, work experience, and RFC, ALJ Thomas determined there are jobs that exist in significant numbers in the national economy that she can perform. (Tr. 21).

Based on this evaluation, ALJ Thomas concluded that Plaintiff was not disabled, as defined in the Social Security Act, from April 1, 2014 through the date of the decision. (Tr. 22). Plaintiff sought review of ALJ Thomas' decision. (Tr. 252–54). The Appeals Council declined review on April 22, 2020. (Tr. 1). At that point, the denial became the final decision of the Commissioner, and Plaintiff sought judicial review from this Court. (DN 1).

## II. Standard of Review

When reviewing the administrative law judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted). Instead, the Court's review of the administrative law judge's decision is limited to an inquiry as to whether the administrative law judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (internal citations omitted), and whether the administrative law judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary

sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### III. Analysis

#### A. Finding No. 5 – Residual Functional Capacity

Plaintiff raises two challenges for review. Both pertain to ALJ Thomas' Finding No. 5, the residual functional capacity ("RFC") determination. (DN 21, at p. 1). The residual functional capacity finding is the administrative law judge's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946. The administrative law judge bases her residual functional capacity finding on a review of the record as a whole, including a claimant's credible testimony and the opinions from a claimant's medical sources. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Plaintiff claims ALJ Thomas failed to properly weigh the opinions of state agency psychological consultants Drs. Michelle Bornstein and Kay Barnsfield and consultative examiner J. Lorilea Conyer, which resulted in an RFC determination not supported by substantial evidence. (DN 21, p. 1).

##### 1. Psychological Consultative Opinions of Michelle Bornstein, Psy.D. and Kay Barnsfield, Psy.D.

Plaintiff alleges that ALJ Thomas found the opinions of state agency psychological consultants Drs. Bornstein and Barnsfield unpersuasive simply because they did not incorporate any specific limitations that Plaintiff's impairments require. (*Id.* at p. 8). The Commissioner counters that ALJ Thomas properly discounted their opinions because they were inconsistent with and unsupported by other evidence in the record. (DN 27, at p. 7). The Commissioner further notes, and Plaintiff likewise acknowledges, that ALJ Thomas found "more stringent" limitations than the psychological consultants. (*Id.* at p. 8; DN 21, at p. 9).

The new regulations for evaluating medical opinions are applicable here since Plaintiff's

claim was filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c (2017). Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). The administrative law judge need only explain how she considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion(s) will be. 20 C.F.R. § 404.1520c(c)(1). The more consistent the medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive it will be. 20 C.F.R. § 404.1520c(c)(2).

Here, ALJ Thomas deemed the psychological consultants' opinions unpersuasive because she found them to be inconsistent with and unsupported by other evidence of record. (Tr. 19). The psychological consultants considered Plaintiff to have only a mild limitation in the areas of understanding, remembering, applying information, concentrating, persisting, and maintaining pace. (*Id.*). They considered her to have a moderate limitation in interacting with others and adapting or managing oneself, but determined Plaintiff could understand and perform detailed instructions, interact with supervisors and co-workers with occasional public contact, and respond appropriately to occasional changes in routine. (*Id.*). Considering other medical sources in the record, ALJ Thomas found that the evidence indicates greater mental impairments and appropriately limited Plaintiff to simple work with only occasional contact with coworkers, supervisors, and the public, no production work, and only rare or gradual changes in a routine work setting. (*Id.*). To reach this conclusion, ALJ Thomas cited to Plaintiff's own testimony regarding

5

her inability to grocery shop unaccompanied due to anxiety and her need to set frequent reminders on her phone due to memory issues. Plaintiff's assertion that ALJ Thomas discounted the psychological consultants' opinions merely because they lacked specific guidelines insinuates that they would have provided favorable limitations. Rather, ALJ Thomas considered their opinions to improperly *underestimate* Plaintiff's mental constraints against the weight of the record evidence.

After reviewing the opinions of Drs. Bornstein and Barnfield and the record evidence, the undersigned finds that substantial evidence, including Plaintiff's hearing testimony and therapy records, supports ALJ Thomas' conclusion that the psychological consultants' opinions are inconsistent with evidence from other sources. Further, there are inconsistencies between the consultants' assessments that render them unpersuasive. In her assessment, Dr. Barnfield noted Plaintiff should "avoid interacting with others/authority" but later concluded she could "interact with supervisors and co-workers with occasional public contact" and respond "appropriately to feedback from supervisors." (Tr. 110; 130). Similarly, Dr. Bornstein acknowledged Plaintiff "needs extra support to . . . not becom[e] too overwhelmed with multi-step tasks" and that she "[c]an follow directions better if written down," but later considered Plaintiff able to "understand and perform detailed instructions." (Tr. 139; 146). These inconsistencies within the consultants' opinions and those with the evidence from other medical sources support ALJ Thomas' finding.

2. Consultative Opinion of J. Lorilea Conyer, M.A., L.L.P.

Plaintiff also argues that ALJ Thomas erred in considering J. Lorilea Conyer's finding of a marked limitation unpersuasive. (DN 21, at p. 7). Plaintiff suggests this resulted in omission from the RFC of necessary limitations associated with Plaintiff's mental conditions. (*Id.*). The Commissioner contends that ALJ Thomas reasonably rejected Conyer's finding of a marked limitation based on inconsistencies with Conyer's own evaluation and other record evidence. (DN

27, at p. 8).

Conyer performed a one-time consultative psychological exam on Plaintiff on February 8, 2016. (Tr 468–71). She made the following findings about Plaintiff's functional capacities:

1. [Plaintiff's] capacity to understand, remember, and carry out instructions towards performance of simple repetitive tasks appears unaffected by these impairments.

2. Her ability to tolerate stress and pressure of day-to-day employment appears affected by these impairments to a moderate degree.

3. Her ability to sustain attention and concentration towards performance of simple repetitive tasks appears unaffected by these impairments to a marked degree.

4. Her capacity to respond appropriately to supervisors and coworkers in a work setting appears affected by these impairments to a marked degree, per report from past work problems.

(Tr. 471). As Plaintiff notes, Conyer's opinion of a marked limitation in Plaintiff's capacity to respond appropriately to supervisors and coworkers is work preclusive. (DN 21, at p. 12). ALJ Thomas deemed this specific finding unpersuasive because she considered it inconsistent with and unsupported by Conyer's own evaluation and other evidence in the record demonstrating Plaintiff's capability of performing light work. (Tr. 20). She concluded Conyer's opinion as to marked impairment was "an overstatement" of Plaintiff's limitations. (*Id.*).

Plaintiff argues that ALJ Thomas failed to reference any evidence supporting her conclusion as to Conyer's finding because she did not specifically reference Plaintiff's therapy notes. (DN 21, at p. 11). Earlier in her RFC determination, however, ALJ Thomas noted Plaintiff's "weekly therapy sessions" and cited to information gained from therapy records, including Plaintiff's history of self-harm, parenting and financial stress, and childhood trauma. (Tr. 18). She later cited to Plaintiff's "more recent" therapy records, which explained Plaintiff's reduced anxiety after finding stable housing and her husband obtaining employment. (*Id.*). An ALJ need not discuss

7

all relevant medical evidence for each of her findings as long as it is clear she considered the evidence elsewhere. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."); *Coppage v. Berryhill*, No. 1:16-CV-00144, 2017 WL 8640926 at *4 (W.D. Ky Aug. 11, 2017) ("The ALJ's decision does not discuss every single piece of medical evidence, but she is not required to do so."). Although she did not mention Plaintiff's therapy records when discounting Conley's opinion, ALJ Thomas clearly considered them when forming her RFC determination.

Plaintiff also claims ALJ Thomas neglected to incorporate sufficient discussion of the supportability and consistency factors in her decision as required by 20 C.F.R. § 404.1520c(b)(2). (DN 21, at p. 9). She positions that the new regulations "clearly decree[] that an ALJ should find a medical opinion as persuasive if it is bolstered by objective medical evidence in the record." (*Id.*). This argument is unconvincing, as ALJ Thomas clearly stated the persuasiveness of Conyer's opinion and what evidence she used to make that determination. (Tr. 20). This included evidence of Plaintiff's ability to pay bills, manage money, and shop monthly; Plaintiff's normal attention span, ability to concentrate, and lack of memory deficits; and her good adaptive functioning and logical thought processes. (*Id.* (citing Tr. 468)). Thus, ALJ Thomas determined Conyer's opinion was not bolstered by objective medical evidence.

ALJ Thomas noted that, in contrast with Conyer's evaluation, other evidence in the record revealed no more than moderate limitations in the mental areas of functioning. (Tr. 20). Although ALJ Thomas only briefly mentioned this inconsistency in discounting Conyer's opinion, she wholly considered the evidence of Plaintiff's mental impairments elsewhere in her analysis. Earlier in her RFC determination, ALJ Thomas found Plaintiff moderately limited when it comes to

understanding, remembering, or applying information. (Tr. 15). She cited to Plaintiff's regular attendance of therapy, which she has only missed because of transportation, rather than memory issues, to support this finding. (*Id.*). She also noted that Plaintiff can cook, clean, and maintain hobbies such as crocheting, and that she is the guardian of her two nephews, one of which has a developmental delay. (*Id.* (citing Tr. 41; 415; 717)). ALJ Thomas also found that Plaintiff is limited in her ability to interact with others, citing to Plaintiff's inability to shop alone and anxiety around strangers. (Tr. 15). She noted, however, that Plaintiff has reported to therapists and other medical providers that she has no significant problems communicating with her husband or nephews, reasoning therefore that she has no more than a moderate limitation in that area. (Tr. 15–16).

ALJ Thomas also found Plaintiff has no more than a moderate limitation with regard to concentrating, persisting, or maintaining pace, citing again to her ability to perform household chores, crochet, and follow three to four step directions. (Tr. 16 (citing Tr. 41–42)). Finally, regarding adapting and managing oneself, ALJ Thomas found Plaintiff has no more than a moderate limitation. (Tr. 16). This finding was based on Plaintiff's lack of history of psychiatric hospitalizations on record and testimony that she is not currently taking mental health medication because of unwanted side effects. (*Id.* (citing Tr. 40)). Plaintiff also testified that therapy helps with her coping skills, and that while she used to cut herself, she has done so rarely since the alleged onset date. (*Id.*). For these reasons, ALJ Thomas discounted the portion of Conyer's assessment indicating a marked limitation.

In addition to discrepancies between Conyer's finding and other record evidence, ALJ Thomas considered Conyer's finding of marked limitation to be inconsistent within her own report. (Tr. 20). ALJ Thomas pointed to Conyer's acknowledgement of Plaintiff's "normal attention to task and concentration" and "good adaptive functioning" as evidence that the finding was

9

overstated. (*Id.*). Additionally, Conyer's report cites to "past work problems" evidencing this finding, but the record contains no evidence of prior work-related mental, behavioral, or social issues. The only information regarding Plaintiff's employment experience is that she left her last job due to a work-related injury. (Tr. 469). Further, while Conyer noted that Plaintiff gets anxious when in crowds of people, has panic attacks, and reports fear of negative judgment by others, she also noted Plaintiff's coping abilities were "growing," that she was working on being more active and social, and that her adaptive functioning appeared good. Substantial evidence therefore supports ALJ Thomas' determination that Conyer's finding of a marked limitation was both inconsistent and unsupported.

IV. Conclusion

Plaintiff's final contention is that ALJ Thomas "split the baby" by rejecting the state agency consultants' opinions and a portion of Conyer's since the RFC determination ultimately fell somewhere between the two. (DN 21, at p. 10). Plaintiff cites to several cases in which an ALJ rejected all relevant medical evidence and calculated an RFC that split the difference of limitations found by experts. That is not what occurred in Plaintiff's case. ALJ Thomas only rejected opinions she found unsupported by and/or inconsistent with the weight of the record evidence. Three of Conyer's findings were considered by ALJ Thomas and incorporated in the RFC. For example, Conyer opined that Plaintiff had a moderate impairment in her ability to the tolerate stress and pressure of day-to-day employment. (Tr. 471). ALJ Thomas acknowledged Plaintiff's anxiety and determined accordingly that any changes in a routine work setting should be rare or gradually introduced, and that Plaintiff should not work in a production-based setting. (Tr. 20). As stated previously, the RFC determination demonstrates that ALJ Thomas thoroughly considered the whole of the record evidence and does not indicate that she merely split the difference between

Conyer's opinion and those of Drs. Bornstein and Barnfield.

As a closing note, an ALJ's decision may be supported by substantial evidence "even if that evidence could support a decision the other way." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). While there might be evidence in the record that was discussed in ALJ Thomas' determination that would support a contrary conclusion, she thoroughly considered Plaintiff's treatment records and properly discounted unsupported and/or inconsistent opinions. The Court finds ALJ Thomas' decision to deem the psychological consultants' opinions and a portion of the psychological consultative examiner's assessment "unpersuasive" is supported by substantial evidence in the record and comports with the applicable regulations.

## ORDER

For the above-stated reasons, the Court finds the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Regina S. Edwards, Magistrate Judge
United States District Court

Copies: Counsel of Record

October 12, 2021